IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| HARRY FERGERSTROM, | ) | CV. NO. 05-00163 DAE-BMK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PETER McDONALD, WARDEN, | ) | |
| MARK BENNETT, ATTORNEY | ) | |
| GENERAL, State of Hawaii | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

ORDER AFFIRMING MAGISTRATE'S FINDINGS AND
RECOMMENDATION TO DISMISS PETITION

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Petitioner Fergerstrom's objections to the Magistrate's findings and recommendations, and his Reply to the State's Answer to Petition for Habeas Corpus, the Court AFFIRMS the Magistrate's Findings and Recommendation to Dismiss Petition.

BACKGROUND

On June 30, 2005, Magistrate Judge Kurren issued a findings and recommendation that pro se Petitioner Fergerstrom's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed without prejudice for failure to exhaust state judicial remedies. Specifically, Judge Kurren found that Petitioner's

only basis for relief in his petition is his claim of ineffective assistance of counsel and that such a claim had never been raised in any state proceeding.

On July 19, 2005, Petitioner filed objections to the findings and recommendation. Petitioner argues that circumstances exist that render the State's remedies ineffective to protect his rights and thus he was not obligated to exhaust his state judicial remedies. In his objections, Petitioner refers this Court to his Reply to State's Answer to Petition for Habeas Corpus ("Reply"), which he also filed on July 19, 2005.

In his Reply, Petitioner claims that in the State court proceedings, he was acting pro se as co-counsel along with his attorney, Steven Strauss. Petitioner states that he is not contending that Attorney Strauss made any errors, but instead is contending ineffective assistance of counsel because he was not allowed to proceed as co-counsel during the trail phase of the proceedings. Petitioner alleges that he had prepared to defend himself from the position of a Hawaiian Sovereign/Hawaiian religious practitioner and that Attorney Strauss planned to present the more conventional legal defenses. Petitioner asserts that although there were many common points between his defense and the defenses presented by Attorney Strauss, his case was severely impaired by not being allowed to act as co-counsel at the trial, including conducting voir dire.

Petitioner did not present this argument to the State court and has not alleged any reason why he did not or could not do so, or why the State's remedies would be ineffective to protect his rights.

## STANDARD OF REVIEW

Any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. 28 U.S.C. § 636(b). Pursuant to Local Rule 74.2, when a party objects to a magistrate judge's case dispositive order, findings, or recommendations, the district court must make a *de novo* determination. A *de novo* review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered." U.S. Pac. Builders v. Mitsui Trust & Banking, 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted). While the district court need not hold a *de novo* hearing, the court is obligated to arrive at its own independent conclusion about those portions of the magistrate's findings or recommendation to which objections are made. Id.

"The court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.' The judge may also receive further evidence or recommit the matter to the magistrate with instructions."

McDonnell Douglas Corp. v. Commodore Bus. Machs., 656 F.2d 1309, 1313 (9th Cir. 1981) (citation omitted); LR 74.2.

## DISCUSSION

28 U.S.C. § 2254 provides as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that– (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).  Thus, in general, a federal district court must dismiss a petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 that asserts a claim that has not been exhausted in the state courts.  Rose v. Lundy, 455 U.S. 509, 510 (1982); In re Bowen, --- F.3d ---, No. 04-1286, 2006 WL 146200, at *2 (6th Cir. Jan. 20, 2006) ("petitioners must fully exhaust all of their claims in the state courts before seeking federal review.")

Here, Petitioner has not presented his ineffective assistance of counsel argument to the State court.  Further, Petitioner has presented no evidence or even argument that demonstrates that circumstances existed that rendered the State's process ineffective.  As the State court is certainly familiar with ineffective

assistance of counsel claims, it could have heard and ruled on Petitioner's argument. State v. De Guair, 108 Hawai'i 179, 118 P.3d 662 (Haw. 2005) (ruling on an ineffective assistance of counsel claim); Dan v. State, 76 Hawai'i 423, 879 P.2d 528 (Haw. 1994) (same). Indeed, Petitioner was aware of the alleged ineffective representation at the time of his trial in State court, and Petitioner has presented no reason why he could not have raised this claim in the State court prior to presenting it to this Court. Thus, as Petitioner has failed to exhaust his State court remedies, his petition is denied without prejudice. This Court therefore, AFFIRMS the magistrate's Findings and Recommendation to Dismiss Petition.

## CONCLUSION

For the reasons stated above, the Court AFFIRMS the magistrate's Findings and Recommendation to Dismiss Petition.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 17, 2006.



_____
David Alan Ezra
United States District Judge

Fergerstrom v. McDonald et al., CV No. 05-00163 DAE-BMK; ORDER AFFIRMING MAGISTRATE'S FINDINGS AND RECOMMENDATION TO DISMISS PETITION